UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN
_____

In Re:                                          Case No. 08-01063-swd

THOMAS ROBERT VanSPRONSEN,                      Chapter 7 Filed:  02/12/08

      Debtor.                                  HON. SCOTT W. DALES

_____/

JOHN A. PORTER, TRUSTEE,

      Plaintiff,

v.                                              Adv. Pro. No.  _____

PNC BANK, NATIONAL ASSOCIATION,
f/k/a NATIONAL CITY BANK,
d/b/a NATIONAL CITY,

and

NATIONAL CITY BANK,

      Defendants.

_____/

## COMPLAINT TO AVOID PREFERENTIAL OR FRAUDULENT TRANSFERS

      John A. Porter, Chapter 7 Trustee, by his attorneys, Foster, Swift, Collins & Smith, P.C., states as follows:

### PARTIES AND JURISDICTION

      1.     Debtor commenced this case on February 12, 2008, by filing a voluntary Chapter 7 petition.  Plaintiff John A. Porter is the Trustee.

      2.     This is an adversary proceeding brought pursuant to 11 U.S.C. § 547 to avoid preferential transfers and 11 U.S.C. § 548 to avoid fraudulent transfers.

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and various other applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

4.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409(c).

6.      Upon information and belief, Defendant PNC Bank, National Association, is a financial institution that acquired and/or is the successor to National City Bank.  Defendant PNC Bank and/or National City Bank do business or have done business under the name "National City."   As used in this Complaint, "Defendant" includes PNC Bank, National Association; National City Bank; and National City.

## GENERAL ALLEGATIONS

7.      Plaintiff realleges and incorporates by reference the preceding allegations.

8.      Debtor paid to Defendant the sum of $13,139.52 (the "Transfer") in connection with Account No. 4857-0583-2200-4072 (the "Account") within 90 days prior to the filing of the petition.  The Transfer consists of property of the Debtor.

9.      This payment was made within the 90-day preference period prior to the date of filing and constitutes a preferential transfer.

10.     Plaintiff has made demands on Defendant for the return of the Transfer.

## COUNT I
## AVOIDANCE AND PRESERVATION OF PREFERENTIAL TRANSFER
## PURSUANT TO 11 U.S.C. § 547(b)

11.     Plaintiff realleges and incorporates by reference the preceding allegations.

12.     The Transfer was made to Defendant for or on account of an antecedent debt owed by Debtor because Debtor was personally obligated under the account.

13.     Debtor was insolvent when the Transfer was made to Defendant.

14.     The Transfer enabled Defendant to receive more than Defendant would have received had the Transfer not occurred and had Defendant instead received payments for the debt under the provisions of Chapter 7 of the Bankruptcy Code.

15.     Plaintiff is entitled to avoid the Transfer as a preferential transfer pursuant to 11 U.S.C. § 547(b) for the preservation and benefit of the estate pursuant to 11 U.S.C. § 551.

## COUNT II
## AVOIDANCE AND PRESERVATION OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 548

16.     Plaintiff realleges and incorporates by reference the preceding allegations.

17.     Alternatively, if Debtor was not personally obligated on the Account, then the Transfer constitutes a fraudulent transfer.

18.     Debtor received less than a reasonably equivalent value in exchange for the Transfer.

19.     Debtor was insolvent on the date of the Transfer.

20.     Debtor made the Transfer for the benefit of an insider.

21.     Plaintiff is entitled to avoid the Transfer as a fraudulent transfer under 11 U.S.C. § 548 for the preservation and benefit of the estate under 11 U.S.C. § 551.

## COUNT III
## RECOVERY AND TURNOVER OF VALUE OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. §§ 542 AND 550

22.     Plaintiff realleges and incorporates by reference the preceding allegations.

23.     Upon avoidance of the Transfer as a preferential transfer or a fraudulent transfer, Plaintiff is entitled to recover the value of the Transfer from Defendant as an initial transferee pursuant to 11 U.S.C. § 550.

24.    Pursuant to 11 U.S.C. § 542, Plaintiff is entitled to turnover of the value of the avoided Transfer as property of the estate under 11 U.S.C. § 541(a)(4).

WHEREFORE, Plaintiff requests this Court enter judgment in his favor and against Defendant as follows:

A.    avoiding the Transfer to Defendant;

B.    awarding Plaintiff the sum of $13,139.52 plus costs, with interest at the federal statutory rate from the date the Complaint was filed until paid in full;

C.    disallowing any and all claims filed by Defendant for any amounts owed to Defendant pursuant to 11 U.S.C. § 502(d) until the Transfer has been returned by Defendant to the estate; and

D.    awarding Plaintiff such other and further relief as may be just and proper.

FOSTER, SWIFT, COLLINS & SMITH, P.C.
Attorneys for John A. Porter, Trustee

Dated:  January 27, 2010             By: /s/ Laura J. Garlinghouse                    _
                                         Scott H. Hogan (P41921)
                                         Laura J. Garlinghouse (P72278)
                                         1700 East Beltline Avenue, NE, Suite 200
                                         Grand Rapids, MI 49525
                                         (616) 726-2200

*77390-00138*
*802739_1.DOC*

4